UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-182-MOC-WCM

| | |
|---|---|
| TERRY ALLEN HARRIS, ) | |
| ) | |
| Plaintiff, pro se, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| CHARLOTTE MECKLENBURG POLICE ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on a motion to dismiss, filed by Defendants City of Charlotte City Council and Charlotte-Mecklenburg Police Department, (Doc. No. 8), pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and on a separate motion to dismiss, filed by Defendant Somerset Apartments, (Doc. No. 13), pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure.

**I. BACKGROUND**

Pro se Plaintiff has filed this action under 42 U.S.C. § 1983, alleging several violations of federal statutes by Defendants City of Charlotte City Council, Charlotte-Mecklenburg Police department ("CMPD"), and Somerset Apartments. The four causes of action alleged in the Complaint are claims arising under: (1) the "Federal Human Rights Act"; (2) 18 U.S.C. § 241; (3) 18 U.S.C. § 242; and (4) 42 U.S.C. § 14141.

Plaintiff alleges that the City of Charlotte City Council passed an ordinance in 2011 that Plaintiff failed to identify. Subsequently, the Charlotte Mecklenburg Police Department used the

1

ordinance to get Plaintiff "thrown out of our home in 2014." (Doc. No. 1, p. 4). While unclear, it appears that Plaintiff was a resident of a property owned by Co-Defendant Somerset Apartments. Plaintiff then alleges Defendant Somerset made a misrepresentation to prevent them from acquiring new housing, and for unknown reasons, the FBI has seized paperwork. (Id.). Plaintiff additionally attempts to allege a violation from 2006, but it is unclear how that relates to the ordinance passed in 2011. The only information provided was a denial of residence due to the knowledge that Plaintiff would live at the property. Plaintiff alleges to have suffered damages in the amount of $250,000.

Defendants City of Charlotte City Council and Charlotte-Mecklenburg Police Department seek dismissal based on lack of standing because Plaintiff is attempting to bring claims under federal criminal statutes, which he cannot do in a civil lawsuit. Defendants also seek dismissal based on failure to state a claim. In its own motion to dismiss, Defendant Somerset Apartments asserts the same arguments for dismissal, in addition to arguing that Plaintiff has not properly served Somerset Apartments.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter, or if the plaintiff lacks standing to bring a claim. Once the court's subject matter jurisdiction is challenged, the plaintiff bears the burden of proving that jurisdiction exists. See Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 105 (3d Cir. 2015); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

In reviewing a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the Court must accept as true all of the factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56

(2007). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted).

While the Court may construe Plaintiff's complaint liberally because he is a pro se plaintiff, the complaint must still allege "'facts sufficient to state all the elements of [his] claim'" to survive a motion to dismiss. Williams v. Wal-Mart Stores East, L.P., No. 5:18-CV-33-BO, 2018 WL 3341181, at *2 (E.D.N.C. July 6, 2018) (quoting Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)).

### III. DISCUSSION

Here, Plaintiff advances several criminal statutes as a cause of action. However, Plaintiff does not have standing to bring criminal charges in a civil lawsuit. Accord Brown v. Truist Bank, No. 3:20cv239 MOC, 2021 WL 96254, at *1 (W.D.N.C. Jan. 11, 2021) (noting that a plaintiff in a civil lawsuit lacks standing to bring criminal charges); Olekanma v. Chippendale, No. CV ELH-19-1664 2019 WL 2904666, at *2 (D. Md. July 3, 2019) (where the plaintiff alleged claims for damages under 18 U.S.C. §§ 241, 242, and several other criminal statutes, holding that "[a]s a private citizen, [plaintiff] lacks standing to bring criminal charges") (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)); Jones v. Mirza, 230 F. Supp. 3d 339, 342 (D. Del. 2017)

("While the Amended Complaint invokes numerous federal criminal statutes, 18 U.S.C. §§ 241, 242, 245, 248, 249, 351(e), 1113, 1117, and 2340A, they do not serve to vest this court with jurisdiction and Plaintiff lacks standing to proceed under those statutes."). Therefore, Plaintiff's claims pursuant to 18 U.S.C. §§ 241 and 242 fail as a matter of law as to all Defendants. Plaintiff simply does not have standing to bring criminal charges in a civil case. Additionally, Plaintiff mentions the "Federal Human Rights Act"; however, the Court is unaware of any such Act that would give Plaintiff a cause of action against Defendants.

As for Plaintiff's assertion of a claim arising under 42 U.S.C. § 14141, which prohibits any governmental authority or agent from engaging in a pattern or practice of conduct that deprives an individual of federal constitutional or statutory rights, Section 14141 authorizes only the Attorney General to bring suit when he has reasonable cause to believe that a violation has occurred. Ferrer v. Garasimowicz, No. 1:13cv797 LMB, 2013 WL 5428110, at *4 (E.D. Va. Sept. 27, 2013). Therefore, Plaintiff also lacks standing to bring a claim under Section 14141.

Finally, neither the CMPD, the City of Charlotte City Council, nor Somerset Apartments are legal entities capable of being sued.[1] See Moore v. City of Asheville, N.C., 290 F. Supp. 2d 664, 673 (W.D.N.C. Nov. 13, 2003).

### IV. CONCLUSION

For the reasons stated herein, the Court grants the motions to dismiss and dismisses this action with prejudice.

**IT IS, THEREFORE, ORDERED** that:

---

[1] In any event, Plaintiff's claims against Somerset Apartments are also subject to dismissal for lack of proper service and insufficient service of process under Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure.

1. Defendants' Motions to Dismiss, (Doc. Nos. 8, 13), are **GRANTED**.

2. This action is dismissed with prejudice.

3. The Clerk is directed to terminate this action.

Signed: July 13, 2022

Max O. Cogburn Jr
United States District Judge